IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


COLUMBUS S. DUREN, JR., 1242250,   )
       Petitioner,   )
          )
v.   )   **No. 3:07-CV-625-L**
          )   **ECF**
          )
NATHANIEL QUARTERMAN,   )
Director TDCJ-CID,   )
       Respondent.   )


**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.     NATURE OF THE CASE**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional

Division ("TDCJ-CID").  He filed this petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254. Respondent Nathaniel Quarterman is Director of the TDCJ-CID.

**II.    PROCEDURAL BACKGROUND**

On June 8, 2004, Petitioner was found guilty of burglary of a habitation, enhanced, and

was sentenced to life in prison.  *State of Texas v. Columbus Seal Duren, Jr.*, No. F-0372063-N

(195th Jud. Dist. Ct., Dallas County, Tex., June 8, 2004). On March 31, 2005, the Fifth District

Court of Appeals affirmed Petitioner's conviction. *Duren v. State*, No. 05-04-00856-CR (Tex.

App.– Dallas, Mar. 31, 2005). On July 27, 2005, the Court of Criminal Appeals denied

Petitioner's petition for discretionary review. *Duren v. State*, PDR No. 0687-05. On January 9,

2006, the Supreme Court denied the petition for writ of certiorari. *Duren v. Texas*, 546 U.S.

1109 (2006).

On October 31, 2006, Petitioner filed a state petition for writ of habeas corpus. *Ex parte*

*Duren*, Application No. 66,714-01. On February 14, 2007, the Texas Court of Criminal Appeals

denied the petition without written order. *Id*. at cover.

On March 29, 2007, Petitioner filed this federal petition for writ of habeas corpus. He

argues:

| | |
|---|---|
| (1) | the prosecutor committed misconduct; |
| (2) | the trial court failed to comply with article 36.01 of the Code of Criminal Procedure; |
| (3) | the trial court failed to comply with article 36.27 of the Code of Criminal Procedure; |
| (4) | he was denied a fair trial because two jurors concealed their bias at voir dire. |
| (5) | he was denied the right to be present during all critical stages of the trial when the trial court and two jurors communicated *ex parte*; |
| (6) | He was denied the effective assistance of trial counsel because counsel |

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

(a)     was unfamiliar with the law, which resulted in a concession of guilt an abandonment of Petitioner's only defense, and a failure to challenge the complainant's credibility;

(b)     his attorney's erroneous advice convinced Petitioner not to testify;

(c)     his attorney failed to discover and use a police report;

(d)     his attorney failed to object and/or file a motion for mistrial when the trial court failed to comply with article 36.01;

(e)     his attorney failed to object and/or file a motion for mistrial when the trial court failed to comply with article 36.27;

(f)     his attorney failed to object to an *ex parte* communication between the judge and two jurors;

(g)     his attorney's representation as a whole was ineffective;

(7)     He was denied the effective assistance of appellate counsel because:

(a)     appellate counsel failed to challenge the trial court's noncompliance with article 36.27;

(b)     appellate counsel failed to argue that trial counsel was ineffective because he conceded Petitioner's guilt;

(c)     appellate counsel was given insufficient time to review the trial transcripts.

On June 20, 2007, Respondent filed his response.  On August 23, 2007, Petitioner filed a traverse.  On May 8, 2009, the Court held an evidentiary hearing.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

The Court first examines whether Petitioner received ineffective assistance of counsel because his counsel was unfamiliar with the law. As that issue entitles Petitioner to relief, the Court will not consider Petitioner's remaining claims.

### III. FACTUAL BACKGROUND

The following factual background is taken from the state appellate court's opinion:

> Dianne Aguilar, the complainant, was the sole witness at trial. She testified she lived in an apartment with her twenty-one-year-old daughter. The complainant and Leslie Henry were good friends. They saw each other about once a month, but talked on the phone almost every day. Henry was dating appellant, whom she had met on the Internet. During the course of Henry's relationship with appellant, the complainant had contact with him on only a couple of occasions.

> On the night of the offense, Henry and the complainant went to a birthday party together. After the party, the complainant drove Henry home, then returned to her own home at about 11:00 or 11:30 p.m. Sometime between 2:00 and 2:30 a.m., the complainant heard a loud banging on her apartment door. As she was getting dressed and calling 911 on her cordless phone, appellant opened her bedroom door, asking "where Leslie was" and screaming "Leslie, Leslie." The complainant said he had a "crazy look" in his eyes that scared her. Appellant took the phone handset from the complainant's hand and ran out the front door of the apartment. The complainant did not see appellant again until the trial.

> The complainant testified appellant had kicked open the apartment's front door. In response to a question of whether the complainant would have let the appellant into the apartment, she said that she might have, but would have made sure she knew who it was and what they wanted before opening the apartment door. The complainant never recovered the telephone handset. However, a few months before trial, the complainant received a new phone from Henry, which Henry said came from a friend of appellant's.

*Duren v. State*, No. 05-04-00856-CR (Tex. App.– Dallas, Mar. 31, 2005), at 1-2.

### IV. DISCUSSION

### A. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

      (d)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

            (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

            (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *See Williams*, 529 U.S. at 307.

This amendment applies to all federal habeas corpus petitions which were filed after April 24, 1996.  *See Lindh v. Murphy*, 521 U.S.  320, 336, 117 S. Ct. 2049, 138 L. Ed. 2d 481 (1997).   The petition in this case is subject to review under the AEDPA.

**B.**      **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687

(1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his trial counsel was unfamiliar with the law, which resulted in counsel conceding Petitioner's guilt, and a failure to challenge Aguilar's credibility.[1]  He also states defense counsel abandoned his defense that he had a prior sexual relationship with Aguilar and she therefore had a motive to lie about him.

Under Texas law, the elements of burglary of a habitation are as follows:

§ 30.02 Burglary

    (a)    A person commits an offense if, without the effective consent of the owner, the person:

---

[1]At the evidentiary hearing, Respondent argued that Petitioner failed to exhaust the claim that defense counsel failed to challenge Aguilar's credibility.  The Court finds, however, that Petitioner raised this claim in his state habeas petition at section G.

> (1)     enters a habitation or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>
> (2)     remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
>
> (3)     enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

In this case, the indictment charged Petitioner with burglary under sections (a)(1) and (a)(3). (*See Ex parte Duren,* 66,714-01 at 19).  Under Texas law, the state was only required to prove *either* (a)(1) or (a)(3) to obtain a conviction.  *See Kitchens v. State of Texas*, 823 S.W.2d 256, 258 (Crim. App. 1991); *Hernandez v. State of Texas*, 190 S.W.3d 856, 863 (Tex. App. Corpus Christi, 2006).

Under section (a)(1), the state was required to prove that Petitioner had the intent to commit a theft at the time he entered the apartment.  *Rivera v. Texas*, 808 S.W.2d 80, 93 (Tex. Crim. App. 1991); *Espinoza v. Texas*, 955 S.W.2d 108, 111 (Tex. App. – Waco 1997).  Under section (a)(3), however, the state was not required to prove that Petitioner had the intent to commit theft when he entered the apartment.  *Id*.  The state was only required to prove that Petitioner committed or attempted to commit theft once he was in the apartment.  *Id*.

Defense counsel, however, either did not know or did not understand the burglary statute. He stated at the evidentiary hearing that at the time of trial he believed, and he continues to believe, that the burglary statute and the indictment required the state to prove that Petitioner entered the apartment without the effective consent of Aguilar, and that *at the time he entered the apartment*, he had the intent to commit theft.  (Evid. Hr'g at 54).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 7**

Defense counsel requested that the trial court insert an intent requirement into the jury charge.  Defense counsel stated:

| | |
|---|---|
| DEFENSE: | In the application paragraph the defendant requests, Your Honor, that you place the word "intent" in the application paragraph of burglary; that the defendant intended to commit or attempt to commit theft. |
| COURT: | Well, that would be a comment on the evidence.  I believe I give them the option did he do it intentionally or knowingly. |
| DEFENSE: | Unlawfully intentionally and knowingly enter a habitation without the effective consent and, it's separated with an "and."  And I would like to put, "and intended to commit or attempt to commit theft of property of Diana Aguilar." |
| COURT: | Well, this is the way the statute reads.  I'm going by the statute. |
| DEFENSE: | Just note our exception. |
| COURT: | I'll note your exception. |

(Trial Tr. Vol. 3 at 25).

The instructions submitted to the jury, therefore, did not include the "intent" language.

The instructions stated:

> A person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person enters a habitation and commits or attempts to commit theft.
>
> . . . .
>
> If you find and believe from the evidence beyond a reasonable doubt that the defendant, Columbus Seal Duren, Jr., on or about the 2nd day of March, 2003, in Dallas County, Texas, unlawfully and intentionally or knowingly entered a habitation without the effective consent of Dianna Aguilar, the owner, and committed or attempted to commit theft of property of Dianna Aguilar, a telephone, you will find the defendant guilty of burglary of a habitation, as charged in the indictment.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**

(*Ex parte Duren* at 22, 24).

Defense counsel's unfamiliarity with the law resulted in admissions of each element of

burglary as defined in the charge.  Defense counsel stated in his closing that Petitioner was guilty

of criminal trespass.  (Trial Tr. Vol. 3 at 45).  The charge instructed the jury that criminal

trespass required a finding that Petitioner entered Aguilar's apartment without her effective

consent.  Defense counsel also stated in his closing:

> Now, the State has chosen to charge this defendant with burglary of a habitation.
>
> Now, [the prosecutor] and myself, we went over various definitions of how you take people's property yesterday.  And we can talk in technicalities, and we get into law books; but you know what a burglary is.  Each and every one of you know what a burglary is.  Burglary of a habitation is where somebody breaks into your home and takes your property.  That is burglary.
>
> * * * *
>
> There is no question this defendant went over to Ms. Aguilar's apartment and he broke down the door.  No question about that. . . . .
>
> What was he doing over there?  Was he over there to burglarize this apartment? That's the question.  That is the key question you've got to resolve. . . . .
>
> What did he take?  A phone that he couldn't use outside the scope of that apartment to begin with.

(Trial Tr. Vol. 3 at 43-44).

Defense counsel, therefore, admitted that Petitioner entered Aguilar's apartment without

her effective consent.  He also admitted that once inside the apartment, Petitioner took Aguilar's

property, i.e, her phone.[2]  Consequently, each element of burglary under section (a)(3) was

admitted.

---

[2]It was not disputed that Aguilar never recovered her telephone.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 9**

Additionally, because counsel did not know or understand the burglary statute, he failed to defend Petitioner from Aguilar's testimony. Although Aguilar had a felony theft conviction, defense counsel did not raise the conviction in his cross-examination. The prosecutors also did not question the complainant about this conviction. The jury therefore did not have this evidence when considering the complainant's credibility. In the evidentiary hearing, defense counsel conceded that it was a "mistake" not to question Aguilar about this conviction, and that it was not a matter of trial strategy to fail to raise this issue. (Evid. Hr'g at 53). Defense counsel's failure to raise the felony conviction is even more glaring in light of the fact that this was a one witness case – Aguilar was the only witness to testify for either the prosecution or the defense. Her testimony was the only evidence that Petitioner committed burglary. Her credibility was therefore crucial to the prosecutor's case.

Defense counsel also did not question Aguilar about an alleged prior sexual relationship with the Petitioner.[3] Counsel also did not object when the prosecutor stated in closing: "So you look at Ms. Aguilar and you say did she really have any type of bias or prejudice? No. She was really very nice. The prosecutor also stated there was "[n]o reason to believe that Diana Aguilar got up here and told you anything but 100 percent truth about what happened." (Trial Tr. Vol. 3 at 39; 46).

---

[3]Petitioner and Respondent both subpoenaed Aguilar for the evidentiary hearing. Aguilar did not appear. During a break in the hearing, Respondent's counsel contacted Aguilar by telephone. Aguilar stated she would appear if the hearing was continued to a later date. Instead of continuing the hearing, the parties both stipulated that Aguilar would have testified to the same facts she stated at trial, and that Aguilar would deny a dating relationship with Petitioner. (Evid. Hr'g at 91-96).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 10**

Petitioner raised this ineffective assistance of counsel claim on state habeas review.  The state habeas court stated that it sent a copy of Petitioner's habeas petition to defense counsel and requested that counsel "furnish this court with any response to said application that [defense counsel] deemed to be appropriate."[4]  (*Ex parte Duren* at 46).  Defense counsel filed an affidavit stating: (1) defendant refused all plea bargains; (2) counsel filed all necessary motions and prepared for trial; and (3) defendant elected not to testify.  (*Id*. at 49).  The state habeas court found that defense counsel's affidavit was "dispositive" of Petitioner's ineffective assistance of counsel claims, and that Petitioner was entitled to no relief on these claims.  (*Id*. at 47).

Defense counsel's affidavit, however, failed to respond to Petitioner's claims that counsel was unfamiliar with the burglary statute, that he conceded Petitioner's guilt, failed to challenge Aguilar's credibility, and abandoned Petitioner's defense.  (*Ex parte Duren* at 11-12).  The affidavit was not dispositive of these issues.

The Fifth Circuit has analyzed an ineffective assistance of counsel claim where defense counsel was unaware of applicable law.  In *United States v. Castro*, 26 F.3d 557 (5th Cir. 1994), the Court considered the failure of defense counsel to know that he could have requested a Judicial Recommendation Against Deportation ("JRAD") during defendant's sentencing.  A JRAD would have permitted the trial court to order that the defendant not be deported or excluded from the United States based on his conviction.  The Fifth Circuit cited with approval the standard found in *Janvier v. United States*, 659 F. Supp. 827 (N.D.N.Y. 1987).  In *Janvier*,

---

[4]The record also contains an order from the trial court ordering defense counsel to respond to each individual claim in the habeas petition.  (Respondent's Feb. 25, 2009, Advisory, Ex. A).  During the evidentiary hearing, defense counsel stated that he did not recall receiving this order.  (Evid. Hr'g at 43-44).  There is no response to the order in the state record

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 11**

the court found that defense counsel's failure to know or understand the law "was not a strategic choice." *Id*. at 829.  The *Janvier* court concluded, "[s]uch a failure to investigate the applicable law of a case cannot be considered adequate under prevailing norms of professional competency." *Id*.

In this case, defense counsel failed to know or understand that the state was not required to prove that Petitioner had the intent to commit theft when he entered Aguilar's apartment.  At the evidentiary hearing, defense counsel stated he did not review the burglary statute prior to advising Petitioner or prior to trial.  (Evid. Hr'g at 14).  Defense counsel further admitted that if he did not correctly understand the burglary statute, it would have affected the advise he gave to Petitioner.  (*Id*. at 15).  This misinformation could have prevented Petitioner from making sound decisions, including whether to accept the state's plea offer.[5]  *Id.*

Additionally, had defense counsel correctly understood that the state did not have to prove Petitioner's intent prior to entering the apartment, it is reasonably likely that counsel would not have admitted the elements of the offense under (a)(3), that he would have challenged Aguilar's credibility by raising her felony theft conviction, that he would have objected to the prosecutor's bolstering of Aguilar, and he may have questioned her regarding any possible bias or prejudice.

Petitioner has established that his counsel was deficient and that he was prejudiced by his counsel's performance.  Petitioner need not prove conclusively that the result of his trial would have been different.  *Castro*, 26 F.3d at 563.  He has established that but for his counsel's lack of

---

[5]Petitioner and defense counsel agree that the state made a plea offer, but there is no record regarding the contents of the offer.  (Evid. Hr'g at 15, 63).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 12**

knowledge or misunderstanding of the law, there is a reasonable probability that the result of his

trial would have been different.

Although the state court correctly identified *Strickland* as the controlling precedent, the

state court's decision to deny relief was an unreasonable application of clearly established

federal law, and was an unreasonable determination of the facts in light of the evidence

presented in state court.

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the

District Court grant the petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

The Court should issue a writ of habeas corpus and direct Nathaniel Quarterman, Director of

TDCJ-CID, to release Petitioner from custody imposed in trial court Cause No. F-0372063-N, in

the 195th Judicial District Court of Dallas County, Texas, unless, within sixty days of the date

these findings, conclusions and recommendation are adopted by the District Judge, the State of

Texas affords Petitioner a new trial.

Signed this 22nd day of July, 2009.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE




**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 13**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).