IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **COLUMBUS S. DUREN, JR., #1242250**, § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:07-CV-0625-L** |
| § | |
| **NATHANIEL QUARTERMAN, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court are the Findings, Conclusions and Recommendations of the United States Magistrate Judge, filed July 23, 2009. The government timely filed objections on August 4, 2009.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Magistrate Judge Paul D. Stickney recommends granting the petition because Petitioner received ineffective assistance of counsel. Accordingly, the magistrate concluded that although the state court correctly identified *Strickland v. Washington*, 466 U.S. 668 (1984), as controlling precedent, its decision to deny habeas relief was an unreasonable application of clearly established federal law, and was an unreasonable determination of the facts in light of the evidence presented in state court.

The magistrate judge held an evidentiary hearing and heard testimony from Petitioner's trial counsel and Petitioner on May 8, 2009. In state court, Petitioner was indicted for burglary of a habitation under subsections (a)(1) and (a)(3) of the Texas Penal Code § 30.02. Under section (a)(1), the statute provides that a person commits the offense if he "enters a habitation or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault[.]" When charging under this provision, the state must prove intent to commit a theft at

Order – Page 1

the time the defendant enters the apartment. *Rivera v. Texas*, 808 S.W.2d 80, 93 (Tex. Crim. App. 1991). Under section (a)(3), the offense is committed if a person "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault[.]" The state does not need to prove intent upon entry when charging under this provision. *Id.*

The magistrate judge found that Petitioner's counsel "either did not know or did not understand the burglary statute" and that "he believed, and he continues to believe, that the burglary statute and the indictment required the state to prove that Petitioner entered the apartment without the effective consent of Aguilar [the complainant], and that *at the time he entered the apartment*, he had the intent to commit theft." Report 7 (original emphasis). He further found that in statements during his closing argument, Petitioner's counsel admitted that Duren entered the apartment without Aguilar's effective consent and that he took her property, thereby admitting each element of burglary under section (a)(3).

The magistrate judge further found that Petitioner's counsel failed to defend him from the complainant's testimony and did not cross-examine her, the sole witness, on her prior felony conviction. At the evidentiary hearing, counsel for Petitioner admitted that it was a "mistake" and not a matter of trial strategy not to raise the issue of her prior conviction. The magistrate judge also determined that counsel failed to question complainant about her alleged prior sexual relationship with him.

Relying on *United States v. Castro*, 26 F.3d 557 (5th Cir. 1994), the magistrate judge found that Petitioner's trial counsel was deficient and that he was prejudiced by his counsel's performance. The magistrate judge found that had counsel understood the burglary statute,

> it is reasonably likely that [he] would not have admitted the elements
> of the offense under (a)(3), that he would have challenged Aguilar's

**Order – Page 2**

> credibility by raising her felony theft conviction, that he would have objected to the prosecutor's bolstering of Aguilar, and he may have questioned her regarding any possible bias or prejudice.

Report 12.

The state objects to the magistrate judge's report and argues that the state habeas review was not contrary to or an unreasonable application of federal law. It contends that counsel did not concede each element of burglary because under both charged sections the state must prove intent to steal, and that counsel's decision to argue lack of intent was Petitioner's only viable defense. It further argues that Petitioner's counsel's failure to question Aguilar about her relationship with him does not support the request for habeas relief because she was going to deny the relationship and Petitioner was not going to testify. It also argues that Petitioner's contention that his counsel failed to impeach her with the theft conviction and that his counsel might have advised him differently regarding the plea offer are additional, unexhausted claims.

The court has considered the state's objections, but agrees with the magistrate judge's findings and conclusions. It is clear that Petitioner's counsel did not appreciate the substantive governing law, and this failure caused him to concede the elements of a violation of section (a)(3); this clearly was prejudicial to Petitioner because these admissions negated the need for a trial. In this situation, akin to *Castro*, the court determines that Petitioner's counsel provided ineffective assistance to him, and that this caused him prejudice. Accordingly, the court **overrules** the state's objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court

therefore **grants** the writ of habeas corpus.  The court hereby **directs** Nathaniel Quarterman, Director of TDCJ-CID, to **release** Petitioner from custody imposed by the 195th Judicial District Court of Dallas County, Texas, in Cause number F-0372063-N.  The court **stays** the execution of the writ of habeas corpus for **90 days** from the date of this order so that the State of Texas, within this **90-day** period, may grant Petitioner a new trial.

    **It is so ordered** this  31st day of August, 2009.

                                                  Sam A. Lindsay
                                                  United States District Judge